**In re ROBERT E. DERECKTOR OF R.I., Debtor.**

**Bankruptcy No. 92–10015.**

United States Bankruptcy Court, D. Rhode Island.

Oct. 8, 1992.

See also 142 B.R. 29.

Allan M. Shine, Providence, R.I., for debtor.

Richard M. Peirce, Roberts, Carroll, Feldstein & Peirce, Providence, R.I., for United Steel Workers.

John Gyorgy, Providence, R.I.

Richard Mittleman, Providence, R.I.

Joseph Cavanagh, Providence, R.I.

James V. Paolino, Warwick, R.I.

Robert D. Wieck, Providence, R.I., for Paramax Systems Corp.

Charles L. Glerum, Boston, Mass., for F.D.I.C.

Jason Monzack, Cranston, R.I., for Creditors' Committee.

Christopher Little, Providence, R.I.

Vincent T. Cannon, Providence, R.I.

Stephanie Browne, Asst. U.S. Atty., Providence, R.I., for the U.S.

Donald R. Peck, Boston, Mass.

William H. Gammon, Raleigh, N.C.

Robert D. Fine, Providence, R.I.

## ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on September 24, 1992, on the Debtor's "Motion to Assume and Assign Contract and for Approval of Settlement of Dispute", and various limited objections thereto. After a day long hearing, the parties negotiated the settlement of substantially all of the issues, which resulted in the entry of an appropriate order on the following day. However, one item not agreed upon [1] was the Debtor's proposal to pay certain of its employees $111,000 [2] in bonuses, in addition to their regular salary, for work performed in connection with the tugboat contract assignment. On this issue, we heard the testimony of Thomas Derecktor, the president of the Debtor, and reserved decision.

Upon consideration of the evidence taken on September 24, the representations of counsel, and the entire record in this case, the Debtor's request to pay bonuses is DENIED, for the following reasons:

1. Totally aside from the wisdom or the fairness of such an act, the promise of Thomas Derecktor to pay monetary bonuses to certain employees of the Debtor while in Chapter 11 and under court supervision, in exchange for or in appreciation of the efforts of these employees in achieving the assignment was completely unauthorized.[3]

2. The very idea of a bonus is unwarranted, and in fact ludicrous under the economic circumstances of this bankruptcy case, with a shortfall that runs into the millions, and where most of the Debtor's employees were laid off, while other more

---

1. Only the United Steelworkers of America, Local Union 9057, opposed the proposed bonus payment. All other parties in interest are either in support of the payment, or voiced no objection.

2. The schedule of proposed payments actually totals $114,000.

3. The amount and recipient of each bonus was apparently set by Thomas Derecktor, in his sole discretion.

favored people were permitted to work overtime.

3. According to the testimony of Tom Derecktor, it appears that the employment of at least some of the "bonus employees" during the relevant time period was in violation of our May 22, 1992 Order, which mandated the use of bargaining unit employees where bargaining unit work was available.

Accordingly, based upon the foregoing observations, the Debtor is ORDERED to place the funds earmarked for the proposed bonuses in an interest bearing escrow account pending our determination, after notice and hearing, of their proper distribution.

Enter Judgment consistent with this opinion.

## JUDGMENT

In accordance with Fed.R.Bankr.P. 9021, and for the reasons set forth in the ORDER issued by the Honorable Arthur N. Votolato on October 8, 1992, it is ORDERED and ADJUDGED that debtor's proposal to pay bonuses to certain employees is DENIED, and debtor is ORDERED to place the funds earmarked for the proposed bonuses in an interest bearing escrow account pending the Court's determination, after notice and hearing, of their proper distribution.